**\*NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **GREGORY MAC DONALD BERRY,** | : | **CIV. NO. 22-6113 (RMB-AMD)** |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant | : | |

_____

**APPEARANCES:**

Gregory Mac Donald Berry
Fed. Reg. No. 33886-112
FCI Fairton
P.O. Box 420, Fairton, NJ 08320
        Plaintiff, *Pro Se*

Kristin Lynn Vassallo, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, NJ 07102
        On behalf of Defendant


**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Plaintiff's emergency motion for preliminary injunctive relief under Fed. Rule Civ. P 65(b) (Dkt. No. 25), Defendant's

1

response in opposition to Plaintiff's motion (Dkt. No. 29); and Plaintiff's supplemental motion (Dkt. No. 31.) For the reasons set forth below, the Court will dismiss Plaintiff's motion for an emergency injunction as moot, and deny Plaintiff's new claim for injunctive relief in his supplemental motion.

I.  BACKGROUND

On October 14, 2022, Plaintiff, a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), initiated this action by filing a *pro se* complaint raising inadequate medical care claims under *Bivens* and the Federal Tort Claims Act (Compl., Dkt. No. 1.) Defendants filed a motion to dismiss Plaintiff's *Bivens* claims based on an intervening Supreme Court decision, and Plaintiff joined in the motion, conceding Bivens relief was no longer available. (Dkt. Nos. 23, 24). On February 26, 2024, Plaintiff filed a motion for emergency injunctive relief, seeking an order directing the Warden of FCI Fairton to provide Plaintiff with Bisocodyl and Miralax to treat his chronic obstructive constipation. (Mot. for Emergency Injunction, Dkt. No. 25.) In support of his motion, Plaintiff alleged, in pertinent part:

> The healthcare system at FCI-Fairton continues to be inadequate due to what Berry perceives as a system that places cost-savings ahead of patient (inmate) care by and through the creation of administrative requirements that prevent health care providers from issuing medically necessary medications that are "non-formulary," or by restricting such healthcare providers from issuing medically necessary medications simply because the Clinical Director ("CD") or FCI-Fairton's Health Services Department decides he does not want to authorize such prescription to an inmate. This is where requests for "non-

2

> formulary" medications, such as "Bisacodyl" and generic "Miralax" are being granted or denied arbitrarily.

(Dkt. No. 25 at 3.)

To establish the likelihood of irreparable harm in absence of a preliminary injunction, Plaintiff alleged that, in the previous year, the only medication that relieved his constipation from irritable bowel syndrome was Bisacodyl. (Dkt. No. 25 at 2.) For the past two weeks, Plaintiff had not received a response to his sick call slips or inmate-to-staff email requests to Health Services for refill of his prescription for Bisacodyl. Plaintiff had not had a bowel movement for eight or nine days, and he feared suffering a bowel perforation. (*Id.* at 3.) This Court ordered Defendant to file a response to Plaintiff's emergency motion for injunctive relief. (Dkt. No. 26.)

On March 8, 2024, Plaintiff filed a supplement to his motion for emergency injunctive relief. (Dkt. No. 31.) After he had submitted his motion to the Court, medical staff responded to his sick call slips. On February 22, 2024, Physician Assistant ("PA-C") Kyle Knowles issued Plaintiff a single non-refillable prescription for Bisacodyl and five refills of the generic Miralax powder. (Dkt. No. 31 at 2.) Plaintiff asserts that his problem is still serious because he will run out of these medications, but he concedes that it is no longer an emergency. (*Id.*) Nonetheless, he argues that his motion for injunctive relief is not moot, and he seeks an order against the warden at FCI Fairton as follows:

> to immediately schedule Mr. Berry for an outside consultation and examination by a qualified physician who can identify, diagnose and provide a recommended

3

> course of treatment; and for an order on the Warden at FCI-Fairton to follow through with any and all recommendations and course of treatment, as made by the outside physician.

(*Id.* at 5.)

On March 11, 2024, Defendant filed a response to Plaintiff's motion for an emergency injunction, accompanied by the Declaration of Kyle Knowles and a sealed copy of Plaintiff's relevant medical record. (Dkt. Nos. 29, 30.) PA-C Knowles declared that he examined Plaintiff on February 21, 2024, for a sick call appointment. (Dkt. No. 29-1.) He prescribed Plaintiff Miralax and Bisacodyl, and then confirmed that Plaintiff picked up his medications from the pharmacist. (*Id.*) PA-C Knowles asserts that Plaintiff will be required to a make a sick call appointment to determine whether refill of his prescriptions is medically necessary. (*Id.*)

Defendant contends that Plaintiff is not entitled to a preliminary injunction under Federal Rule of Civil Procedure 65(b) for two reasons: (1) the motion is moot; and (2) Plaintiff fails to meet the requirements for injunctive relief under Rule 65(b). (Dkt. No. 29.) First, the motion is moot because Plaintiff received refills of the medication he was seeking. Second, Plaintiff does not have a reasonable likelihood of success on the merits of his claims because he has received appropriate medical care. Furthermore, he has failed to demonstrate he will suffer immediate and irreparable harm if injunctive relief is not granted because he received the medications he requested, and the medications will be refilled if medically necessary.

## II. DISCUSSION

### A. Mootness

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). Therefore, "[f]ederal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Id.* at 172 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Plaintiff has received the requested relief of refill of his prescriptions. Therefore, Plaintiff's motion for emergency injunctive relief is moot.

### B. Plaintiff's new claim for injunctive relief

Despite having received the relief requested, Plaintiff now seeks broader injunctive relief, ordering the Warden to immediately schedule him for a medical evaluation outside the prison and to follow all recommendations of the physician. Pursuant to Federal Rule of Civil Procedure 65(b), to be entitled to a preliminary injunction, plaintiffs must establish:

> (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

5

*Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (internal quotations and citations omitted in original).  Plaintiff only speculates that he might suffer worsening health without immediate medical evaluation and treatment recommendations for chronic constipation by an outside physician.  Therefore, he is not entitled to the injunctive relief he seeks in his supplement to his emergency motion for injunctive relief.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff not entitled to preliminary injunctive relief, and his motion will be denied.


An appropriate Order follows.


**Date:  April 2, 2024**

                                            <u>s/Renée Marie Bumb</u>
                                            **RENÉE MARIE BUMB**
                                            **Chief United States District Judge**