**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| GREGORY MAC DONALD, BERRY, | : : : | |
| Plaintiff | : : | : Civil No. 22-6113 (RMB-AMD) |
| v. | : : | : **OPINION** |
| WARDEN MICHAEL KELLY, et al., | : : : | |
| Defendants | : | |

BUMB, Chief District Judge

Before the Court is Plaintiff Gregory Mac Donald Berry's pro se motion[1] for emergency injunctive relief pursuant to Federal Rule of Civil Procedure 65(b). ("Rule 65(b) Mot.") (Dkt. No. 50.)  Plaintiff, a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey, seeks preliminary injunctive relief in this Federal Tort Claims action requiring the Bureau of Prisons ("BOP") to prescribe him sixty Bisacodyl pills per month and refer him to a community-based gastrointestinal specialist. (*Id.* at 1.)  Defendant United States of America filed a letter brief in opposition to Plaintiff's Rule 65(b) motion ("Letter Brief") (Dkt. No. 58; Exhibit, Dkt. No. 59.)  Also before the Court are Plaintiff's motion in opposition

---

[1] Jeffrey D. Smith, Esquire entered a Notice of Appearance on behalf of Plaintiff on January 17, 2025, after Plaintiff filed his pro se Rule 65(b) motion.  (Dkt. No. 56.)

to Defendant's request for a copy of the sealed document at ECF 47; Affidavit of Gregory Berry (Dkt. No. 51); and Plaintiff's motion to seal letter (Dkt. No. 55.)

For the reasons set forth below, the Court will deny Plaintiff's Rule 65(b) motion and dismiss as moot his motions related to sealing the document filed at Docket Entry No. 47.[2]

## I.    BACKGROUND

This is Plaintiff's second motion for preliminary injunctive relief.  In February 2024, Plaintiff filed an emergency application seeking the same medication—Bisacodyl—and Miralax for gastrointestinal issues.  (Mot. for Emergency Injunctive Relief, Dkt. No. 25.)  The Government responded with evidence that medical staff had already prescribed the requested drugs.  (Response to Mot. for Emergency Injunctive Relief, Dkt. Nos. 29, 30.)  The Court denied that application as moot. (Opinion and Order, Dkt. Nos. 37, 38.)

Plaintiff's second motion, dated December 16, 2024, claims that his current prescription of three Bisacodyl pills every few days is insufficient and that he now requires a higher dosage. (Rule 65(b) Mot., Dkt. No. 50, at 8 ¶ 19.)  He seeks an injunction compelling the BOP to increase his supply of the medication and arrange an outside consultation. (*Id.* at 1.)  The Government opposes Plaintiff's Rule 65(b) motion on the grounds that the requested relief bears no connection to the claims

---

[2]  This Court, by text order dated December 17, 2024, (Dkt. No. 49) denied on the merits Plaintiff's earlier request to seal the letter filed at Docket Entry No. 47. Therefore, Plaintiff's subsequent opposition to Defendant's request for a copy of the document and his motion to seal are moot.

remaining in the operative complaint, that Plaintiff has failed to exhaust administrative remedies, that he cannot demonstrate immediate and irreparable harm, and that the public interest and principles of judicial restraint weigh against judicial intervention in prison medical decisions. (Letter Brief, Dkt. No. 58.)

## II.    DISCUSSION

### A.    Rule 65(b)

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders ("TRO")—a short-term emergency order that is typically used to stop a party from taking certain actions until the court can hear both sides at a later date. "Critically, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *Talbert v. Beaver*, No. 22-0112, 2022 WL 4357472, at *2 (M.D. Pa. Sept. 20, 2022) (cleaned up). Courts routinely deny motions for injunctive relief where, as here, the motion raises factual matters and requests remedies unrelated to the underlying lawsuit. *See e.g., Martin v. Keitel*, 205 F. App'x 925, 929 (3d Cir. 2006); *see Fatir v. Phelps*, No. 18-1549, 2021 WL 827142, at *9 (D. Del. Mar. 4, 2021) (collecting cases).

Plaintiff's operative complaint—following this Court's orders dismissing several counts—contains three surviving theories of liability under the Federal Tort Claims Act: (1) that BOP staff negligently prescribed NSAIDs despite Plaintiff's known kidney condition; (2) that Plaintiff was made to self-administer Omeprazole

without supervision; and (3) that BOP officials failed to provide a gluten-free and lactose-free diet. (See Compl. ¶¶ 9–63; Screening Opinion and Order; Dkt. Nos. 4, 5; Opinion and Order on Motions to Dismiss, Dkt. Nos. 27, 28.)

The present motion—seeking increased access to Bisacodyl and referral to an outside gastrointestinal specialist—bears no relation to any of the three claims proceeding in this case.  The motion is therefore procedurally improper and jurisdictionally deficient.  Because the requested relief is untethered to the injuries alleged in the complaint, Plaintiff lacks standing to pursue it under Article III.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (holding the party invoking federal jurisdiction must establish the elements of standing in addition to the pleading requirements for a claim).  The Court lacks jurisdiction to entertain an application that presents claims and theories that are wholly extraneous to the causes of action asserted in the operative pleading.  *See*, *e.g.*, *Zulkarnain v. Downing*, No. 17-2071 (FLW), 2017 WL 11724182, at *2 (D.N.J. June 13, 2017). This Court declines to issue relief where there is no live case or controversy as to the requested injunction in the operative complaint.[3]

---

[3]  Because the absence of any connection between Plaintiff's request for relief and his remaining FTCA claims is dispositive, the Court does not reach the Government's alternative arguments, including lack of irreparable harm, failure to exhaust administrative remedies under the PLRA and FTCA, or deference to prison medical decision-making.

## IV.    CONCLUSION

Because Plaintiff's request for injunctive relief bears no connection to the surviving claims in this action, and because such relief falls outside the Court's jurisdiction under Article III, the motion is denied.

An appropriate Order shall issue.

Date:  **July 11, 2025**

<div style="margin-left:40%">

s/ Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

</div>